# JACOB C. WIRTZ

*v.*

## LOUIS M. HENRY *et al.*

1. PROCESS—*to foreign county, against a sole defendant.* The language of the act of 1861, authorizing process to be sent against a sole defendant into a county other than that in which the suit is brought, when the action is upon a contract that has been made in the county in which the action is brought, and the plaintiff is a resident of such county, precludes, by necessary implication, the sending of process to a foreign county against a sole defendant in any action not brought upon a contract.

2. So, to an action on the case brought to recover damages for alleged fraud and deceit practiced by the defendant in making a contract, and not for a violation of any of its terms, or to assert a right based upon the contract, it was *held*, the act did not apply.

APPEAL from the Circuit Court of Washington county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was an action brought in the court below, by Lewis M. Henry and Robert K. Madden, against Jacob C. Wirtz, to recover damages for alleged fraud and deceit practiced by the defendant in inducing the plaintiffs to exchange a stock of goods for a certain patent right.

The summons in the cause was issued from the circuit court of Washington county, and directed to the sheriff of Cook county, and was served upon the defendant in the latter county.

The pleadings present the question, whether the summons was properly sent to a foreign county.

Mr. J. M. DURHAM and Mr. S. K. DOW, for the appellant.

Mr. P. E. HOSMER, for the appellees.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

The only question presented by this record is, whether process can be sent to a foreign county, against a sole defendant,

in an action on the case for deceit. Under the act of 1861, process can be sent, against a sole defendant, into a county other than that in which the suit is brought, only in cases where the action is upon a contract that has been made in the county in which the action is brought, and the plaintiff is a resident of such county. The language of the act, by necessary implication, precludes the sending of process to a foreign county, against a sole defendant, in any action not brought upon a contract. The action in this case is not brought upon a contract. It grows out of a contract, it is true, but the action is brought to recover damages for the alleged fraud and deceit practised in making the contract, and not for a violation of any of its terms, or to assert a right based upon the contract.

The demurrer to the replication should have been sustained.

The judgment is reversed and the cause remanded.

*Judgment reversed.*